[No. H033614. Sixth Dist. July 27, 2009.]

JUSTIN S. DRAKE, Petitioner, v.
THE SUPERIOR COURT OF SANTA CRUZ COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Patricia S. Lai, under appointment by the Court of Appeal, for Petitioner.

No appearance by Respondent.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Stan Helfman and Sharon G. Birenbaum, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**DUFFY, J.**—Justin S. Drake, the petitioner herein, is the appellant in a related case following a criminal conviction. In this case, he petitions for a peremptory writ of mandate ordering the superior court, the respondent herein, to issue a certificate of probable cause for his appeal. We will issue a peremptory writ in the first instance directing respondent court to vacate its order denying petitioner's application for a certificate of probable cause. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240–1241 [82 Cal.Rptr.2d 85, 970 P.2d 872].) The remedy we provide, however, is limited: the superior court (hereafter referred to as the trial court) is not required to grant petitioner's application for a certificate of probable cause, but need only consider his application on the merits or on procedural grounds other than untimeliness, the ground on which the court originally denied the certificate request.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

*Background Facts*

Petitioner was convicted on July 18, 2008, after pleading no contest to one count of grand theft of a firearm (Pen. Code, § 487, subd. (d)(2)). A plea of this type must be "voluntary and intelligent under the totality of the circumstances." (*People v. Marlow* (2004) 34 Cal.4th 131, 147 [17 Cal.Rptr.3d 825, 96 P.3d 126] [speaking of a guilty plea].) On August 27, 2008, petitioner moved to withdraw his plea on the ground that because of mental and physical infirmities when he entered it he did not do so voluntarily and intelligently.

The motion was supported by various medical records and included petitioner's declaration of August 27, 2008, that he believed he could receive urgently and vitally needed medical treatment only by pleading no contest and, he hoped, being taken from the custody of jail authorities forthwith.

On September 4, 2008, the trial court denied the motion and sentenced petitioner to 180 days in jail and three years of formal probation. The opening

brief in petitioner's direct appeal, *People v. Drake* (H033331, app. pending), awaits our disposition of this writ petition.

On September 11, 2008, petitioner filed a notice of appeal but expressly stated that he did not seek a certificate of probable cause because none was needed. Eight days later, on September 19, he changed course and filed an application for certificate of probable cause that included a declaration from his attorney stating grounds for appeal, as required by Penal Code section 1237.5, based on the trial court's having denied petitioner's motion to withdraw his plea. On September 29, the trial court denied petitioner's request for certificate of probable cause and handwrote on the order: "Not timely. See Cal. Rules of Court 8.304(b)(1)."

## DISCUSSION

In our view, petitioner's request was timely filed and the trial court's order finding to the contrary was erroneous.

Although the matter is not free from doubt, it appears that California Rules of Court, rule 8.304(b)(1)[1] sets forth what is to be included in a criminal defendant's filings in these circumstances, not when the materials are to be filed. The rule states in relevant part that "to appeal from a superior court judgment after a plea of guilty or nolo contendere . . . , the defendant must file in that superior court—with the notice of appeal required by [another provision]—the statement required by Penal Code section 1237.5 for issuance of a certificate of probable cause." To be sure, the language of rule 8.304(b)(1) is not ideally clear on the point.

By contrast, rule 8.308, which is headed "Time to appeal," expressly sets forth time limits regarding appeals in criminal cases. Rule 8.308(a) gives criminal defendants 60 days "after the rendition of the judgment or the making of the order being appealed" to file "a notice of appeal and any statement required by Penal Code section 1237.5." The rule does not require that these two items be filed together, only that they both be filed within 60 days.

The foregoing rules do not address an unusual case like this, in which the defendant first files a noncertificate notice of appeal and then changes his

---

[1] All further rule references are to the California Rules of Court.

mind and seeks a certificate of probable cause. The Supreme Court noted that the issue might arise someday (*People v. Mendez* (1999) 19 Cal.4th 1084, 1102, fn. 11 [81 Cal.Rptr.2d 301, 969 P.2d 146]) but declined to offer an opinion on its proper resolution before it was ripe for review (*ibid.*).

Petitioner's notice of appeal and application for certificate of probable cause and statement of reasons required by Penal Code section 1237.5 were both filed within 60 days of the date of the order denying his motion to withdraw his plea and the date on which he was sentenced—both September 4, 2008, which was also the date of judgment. The parties surmise that the trial court may have read rule 8.304(b)(1)'s requirement that the application for certificate of probable cause and Penal Code section 1237.5 statement are to be filed "with the notice of appeal" to mean that the notice of appeal and the application must be filed simultaneously, and that once petitioner filed a noncertificate notice of appeal he could not change course and file a request for a certificate of probable cause.

Real party in interest takes the same view as the trial court may have done: the notice of appeal and the application for a certificate of probable cause must be filed simultaneously.

Real party in interest fails to persuade that such must be the case. Real party in interest argues that the term "with" in rule 8.304(b)(1) "makes it evident that the notice of appeal and request for a certificate of probable cause must be filed *together*. 'With' has been defined as '2. (a) being together; in the company of . . . .['] [Citation.]" Real party in interest also argues if the trial courts are to function efficiently a criminal defendant should not be allowed to file a notice of appeal not stating certificate grounds first and thereafter seek a certificate, even if he does both within 60 days. "If a defendant just files a notice of appeal, the superior court clerk is required to promptly mail a notification of the filing to the attorney of record for each party, to any unrepresented defendant, to the reviewing court clerk, to each court reporter, and to any primary reporter or reporting supervisor. However, if the defendant files a statement requesting a certificate of probable cause, the clerk must not mail the notification unless the superior court files a certificate. (Rule 8.304 . . . (c)(1).) Thus, if a defendant files only a notice of appeal after the guilty plea stating it is based on grounds that arose after entry of the plea, the process of notification and creating a record begins. However, if it turns out the issue(s) requires a certificate of probable cause, and the

request for such a certificate is filed on a subsequent date, substantial waste of time and resources results if the superior court denies the certificate. Hence, there is a reasonable and important basis for the rule to require that the notice of appeal and the request for certificate of probable cause be filed together."

■   To repeat, however, the rule on which real party in interest relies does not clearly specify when the items are to be filed. Because so much is at stake in proceeding to appeal with certificate of probable cause in hand or not, due process principles require giving petitioner the benefit of the doubt. Notice must be reasonably calculated so that a criminal defendant can understand what is required of him or her. With regard to substantive criminal law, "A criminal statute must be sufficiently definite to give notice of the required conduct to one who would avoid its penalties, and to guide the judge in its application and the lawyer in defending one charged with its violation." (*Boyce Motor Lines v. United States* (1952) 342 U.S. 337, 340 [96 L.Ed. 367, 72 S.Ct. 329], fn. omitted.) The same must be true of procedural rules that affect substantial rights. The rule at issue here is not sufficiently clear to be able to sustain the trial court's order.

■   We agree with real party in interest that we need only conclude narrowly that the trial court erred in the specific reason it gave for denying petitioner's application for certificate of probable cause—i.e., that it was untimely under rule 8.304(b)(1). We will not attempt to determine whether the application may be procedurally barred for some other reason, much less whether the trial court must issue a certificate of probable cause on the merits. We therefore issue a peremptory writ limited to directing the trial court to vacate its untimeliness-based order and to consider petitioner's application for a certificate of probable cause on the merits or other procedural grounds. In that fashion, the parties will be free to explore whatever possibilities exist for disposing of the certificate application on substantive or procedural grounds.

In so doing, we have concluded that a peremptory writ in the first instance is warranted to correct the trial court's error expeditiously. All procedural requirements for issuing the writ in the first instance have been followed. We notified the parties that we were considering issuance of a peremptory writ of mandate in the first instance, and real party in interest filed a written response. Accordingly, we will grant the petition for writ of mandate in the first instance. (*Lewis v. Superior Court, supra,* 19 Cal.4th at pp. 1240–1241.)

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate its order denying petitioner's application for a certificate of probable cause and to conduct further proceedings in accordance with the views expressed in this opinion. In the interests of justice, this opinion is made final immediately on filing with regard to this court. (Cal. Rules of Court, rule 8.490(b)(3).)

Premo, Acting P. J., and Elia, J., concurred.